RECEIVED

NOV - 4 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| JEROME F. BRIDGES | CIVIL ACTION NO. 05-0777-L |
| VS. | SECTION P |
| LOUISIANA DEPARTMENT OF | JUDGE MELANÇON |
| PUBLIC SAFETY & CORRECTIONS | MAGISTRATE JUDGE HILL |

### ORDER

Pending before the court is a "Motion for Preliminary Preventive Injunction," filed *in forma pauperis* on April 29, 2005 by *pro se* petitioner Jerome F. Bridges. Bridges is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the Federal Correctional Institute, Marianna Florida where he is serving a federal sentence imposed following his conviction and the subsequent revocation of his probation in the United States District Court for the Southern District of Mississippi in the matter entitled *United States of American v. Jerome Bridges*, Nos. 5:98-cr-8, 3:98-cr-55, and 3:98-cr-58. [See Doc. 6, Court Exhibit A].

In this proceeding, Bridges contests any future parole supervision by the Louisiana Department of Public Safety and Corrections following his release from state imprisonment via diminution of sentence (on "good time"). In a Memorandum Order dated September 28, 2005, the undersigned directed petitioner to establish that he had properly exhausted state court remedies on the claims before this court by submitting "documentary proof that he has presented all issues raised herein to the Louisiana Supreme Court in a procedurally proper manner" within thirty days of that Order. Petitioner was also directed to provide copies of all state court decisions relative to the claims asserted in this federal petition. [See Doc. 6, p. 7].

On October 13, 2005, petitioner submitted a "Memorandum" in which he states "I am not capable to continue on pro se; because I alone am not competent of the laws enough nor, do this Federal Facility have state law books, only Federal."

Petitioner also claims to have exhausted state court remedies.[1] However, he asks "for an extension of time to produce docket numbers from the Louisiana State Court and Appealant [sic] court to gather the information the court requires...." [Doc. 7-1, pp. 3].

The undersigned construes the first request as a request for the appointment of counsel and his second request as a motion for an extension of time to gather the information requested.

1. Appointment of Counsel

A *habeas corpus* proceeding is civil in nature. There is no constitutional right to appointment of counsel in a federal *habeas corpus* matter. *Pennsylvania v. Finley*, 107 S.Ct. 1990, 1993 (1985); *McClesky v. Zant*, 111 S.Ct. 1454, 1471 (1991); *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992). See also *Wright v. West*, 505 U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) and *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir.1992). However, indigent persons have a statutory right to counsel if there is a need for an evidentiary hearing. Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. §2254(h); *United States v. Vasquez*, 7 F.3d 81 (5th Cir. 1993) citing *Lamb v. Estelle*, 667 F.2d 492, 496-497 (5th Cir. 1982). Moreover,

---

[1]The undersigned again notes that it does not appear that petitioner has exhausted state court remedies on the claims presented to this court given that the sole published opinion of the Louisiana Supreme Court with respect to Bridges pre-dates Bridges' March 24, 2005 release date from state incarceration, the circumstances and conditions about which petitioner complains of herein. See *State ex rel. Jerome Floyd Bridges v. State of Louisiana*, 2004-0710 (La. 2/4/2005), 893 So.2d 95.

the appointment of counsel for indigents in a *habeas corpus* proceeding is proper when the interests of justice so require. *see* 18 U.S.C. §3006A; 28 U.S.C. §2254(h); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts; *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985). Whether to appointment counsel is committed to the sound discretion of the district court. *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994).

Indigent prisoners applying for *habeas corpus* relief are not entitled to appointed counsel where an evidentiary hearing is unnecessary, unless the case presents exceptional circumstances. *Santana,* 961 F.2d at 515. In making the determination of whether exceptional circumstances exist, it is proper for the court to consider the following factors:

1. the skill required in presentation of the claims and evidence;

2. whether the appointment of counsel would benefit the petitioner and the court.

3. the legal and factual complexity of the case; and

4. the ability of the *pro se* petitioner to adequately investigate and present the claims to the court.

*Santana,* 961 F.2d at 515-516 citing *Cooper v. Sheriff,* 929 F.2d 1078, 1084 (5th Cir. 1991).

In order to determine whether the interests of justice require the appointment of counsel in a *habeas corpus* proceeding, the court must use fundamental fairness and due

process principles as the test. *See Norris v. Wainwright*, 588 F.2d 130, 133-134 (5th Cir. 1979); *Bonin v. Vasquez*, 999 F.2d 425, 428-429 (9th Cir. 1993). If the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel. *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993); *Smith v. Groose*, 998 F.2d 1439, 1442 (8th Cir. 1993); *McCann v. Armontrout*, 973 F.2d 655, 661 (8th Cir. 1992).

Initially, the undersigned notes that at this time, no evidentiary hearing is necessary in this case.[2]   Additionally, there has been no permission granted for discovery to take place between petitioner and the State under the Federal Rules of Criminal or Civil Procedure, nor is discovery needed at this time.[3]

Review of petitioner's pleadings reveal that the claims asserted herein are not complex and are typical of those commonly asserted by *pro se* litigants without the necessity of counsel. Moreover, these matters are generally resolved on the pleadings without a need for an evidentiary hearing. Finally, petitioner's pleadings indicate that he is capable of communicating with the court in an adequate fashion. *See Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994). Therefore, the court finds that the appointment of counsel would not provide more than marginal assistance to the petitioner or to this court. *See Santana*, 961 F.2d at 516.

---

[2]*See Nichols*, 30 F.3d at 36 finding no abuse of discretion by the district court in refusing to appoint counsel when at the time of the request no evidentiary hearing was necessary.

[3]Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires appointment of counsel "[i]f necessary for effective discovery."

In light of the above, this court finds that this case does not present exceptional circumstances and that the interests of justice do not require that the court appoint counsel to aid petitioner with his *habeas corpus* petition at this time. Petitioner's motion should therefore be denied.

2. Motion for Extension of Time

With respect to petitioner's request for an extension of time to gather the documents necessary to establish exhaustion, that motion should be granted. Accordingly;

**IT IS ORDERED THAT** petitioner's Motion for Appointment of Counsel is **DENIED;**

**IT IS FURTHER ORDERED THAT** petitioner's request for an extension of time to gather and submit the documents necessary to establish exhaustion of state court remedies on the claims presented herein is **GRANTED** and petitioner may file such documents within thirty (30) days from the date of this Order.

In Chambers, Lafayette, Louisiana, this _____ day of _____, 2005.

**C. MICHAEL HILL**
**UNITED STATES MAGISTRATE JUDGE**