RECEIVED
JAN 2 7 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| JEROME F. BRIDGES | CIVIL ACTION NO. 05-0777 |
|---|---|
| VS. | SECTION P |
| LOUISIANA DEPARTMENT OF | JUDGE MELANÇON |
| PUBLIC SAFETY & CORRECTIONS | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is a pleading styled "Motion for Preliminary Preventive Injunction" filed *in forma pauperis* by *pro se* petitioner Jerome F. Bridges on April 29, 2005. Bridges seeks a "Preliminary Preventive Injunction" "prohibiting the Louisiana Department of Probation and Parole from imposing unconstitutional supervision upon petitioner upon release from custody due to diminution of sentence."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

On September 26, 1997, Bridges was convicted of possession of cocaine in the Sixteenth Judicial District Court, for St. Mary Parish, Louisiana, for which he was sentenced to serve three years imprisonment. However, the sentence was suspended and Bridges was placed on supervised probation with the Louisiana Department of Public Safety and Corrections. [See Doc. 9-2, p. 21].

On April 29, 1998, while on state probation, petitioner robbed a bank in Mississippi. On October 13, 1998, Bridges was convicted of bank robbery in the United States District Court for the Southern District of Mississippi, for which he was sentenced to serve 60 months in federal prison and three years supervised federal probation upon his release. [See *United States of America v. Jerome Bridges*, Nos. 5:98-cr-00008, 3:98-cr-55, and 3:98-cr-58 (S.D.Miss.)].

While in federal custody serving his federal sentence, on June 9, 1999, Louisiana state officials issued a warrant for Bridge's arrest charging that Bridges had violated his state probation presumably by committing a criminal offense during his state probationary period. [Doc. 9-4, p. 3]. Although the warrant was lodged with federal prison officials, it was not executed. Thereafter, Bridges filed a "Motion for Speedy Revocation Hearing" and a "Motion for Disposition of Indictments, information or Complaints" in the Sixteenth Judicial District Court [Doc. 9-4, p. 1 and 2]. These Motions were apparently summarily denied. Bridges was released from federal custody on July 9, 2003, the warrant was executed, and petitioner was transferred to state custody for probation revocation proceedings.

A probation revocation hearing was held in the Sixteenth Judicial District Court on July 18, 2003. At the hearing Bridges admitted that he had committed a crime during his state probationary period for which he served a federal sentence. He advised the court that while incarcerated on federal charges he had cooperated with Texas officials to

2

secure conviction of a rapist. He also advised the court that a United States Attorney and Federal Agent had told him not to worry about the state warrant because the time had started and "would probably run out." The court told petitioner that he was on probation with the State of Louisiana, and that accordingly, based on Bridge's bank robbery conviction, petitioner's Louisiana probation was revoked. Bridges was ordered to serve the entire three year state sentence, with credit for time actually served on the state charges. The court advised petitioner to meet with his state probation officer, to contact the federal authorities, and to accumulate any further evidence in mitigation of his sentence, and that on proper presentation, the court would reconsider his sentence. [Doc. 9-2, p. 21-26].

Bridges filed a "Motion for Consideration" in the Sixteenth Judicial District Court in which he apparently requested that he be given credit toward the Louisiana sentence for time served on his federal conviction. On October 29, 2003, the trial court confirmed its prior sentence and again ordered that Bridges "be given credit for time served only on [the state] charges...[and] specifically is not given credit for any time served on any other charges whether in this jurisdiction or elsewhere." [Doc. 9-2, p. 29]. On November 17, 2003, the Louisiana First Circuit Court of Appeal denied petitioner's request for a supervisory writ finding no error in the trial court's denial of the "Motion for Consideration". *State of Louisiana ex rel. Jerome Bridges v. State of Louisiana*, No. 2003-KW-2073. [Doc. 9-2, p. 30-31]. On December 17, 2003 petitioner filed another

3

writ application in the First Circuit Court of Appeals. See *State of Louisiana v. Jerome Bridges*, No. 2003-KW-2797. [Doc. 9-2, p. 33]. The record does not disclose the arguments presented in that writ. Petitioner also filed a "Motion to Amend and Modify Sentence" in the Sixteenth Judicial District Court. That Motion was denied by the trial court on March 25, 2004. [Doc. 9-2, p. 32].

On March 22, 2004 petitioner filed a "Writ of Certiorari Combine With a Mandamus Writ" in the Louisiana Supreme Court. On February 4, 2005, the Louisiana Supreme Court denied writs without comment. *State ex rel. Jerome Bridges v. State of Louisiana*, 2004-0710 (La. 2/4/2005), 893 So.2d 95. The writ denial indicates that petitioner sought review of the First Circuit Court of Appeals judgments in the matters under docket numbers 2003-KW-2073 and 2003 KW 2797. Review of petitioner's pleadings in the Louisiana Supreme Court reveals that petitioner complained of the lower courts' denial of his request for credit for time served in federal custody. He also complained that his Louisiana probation had expired while he was in federal custody and that his subsequent revocation was thus illegal. [Doc. 9-2, p. 34-35; Doc. 9-3, p. 1-4; Doc. 9-2, p. 1-35, Doc. 9-4, p. 4].

Petitioner remained in state custody until March 24, 2005. Prior to his release, Bridges apparently signed a contract in accordance with the provisions of La. R.S.15:571.3. By the terms of that contract, Bridges agreed to receive diminution of sentence, or "good time" at a rate of thirty days for every thirty days served in custody in

4

lieu of incentive wages.[1]

On March 23, 2005, when Bridges became eligible for early "good time" release, he signed a "Good Time Rate Option and Approval Form" indicating his desire to be released on "good time" in accordance with the provisions of the statute. Bridges additionally signed a document entitled "Statement of General Conditions Under Which This Diminution of Sentence/Parole Supervision is Granted." On both documents, next to Bridges' signature was the notation, "under duress." On March 24, 2005, Bridges was released from state imprisonment "by diminution of sentence in accordance with R.S.15:571.5...in the same manner as if on parole...." [See rec. doc. 1, Exhibits].

After his release from state custody, Bridges provided positive urine samples to federal authorities on March 28, 2005, April 2, 2005 and April 12, 2005, and to the Louisiana Probation and Parole Office on March 29, 2005. Accordingly, by Judgment dated May 10, 2005, Bridges' federal probation was revoked. Bridges was therefore ordered to serve eleven months in the custody of the Federal Bureau of Prisons. [See Doc. 6, Court Exhibit "A"]. Petitioner remains in federal custody, from which he states he is

---

[1] La. R.S.15:571.3(B) provides in part: "Every inmate in the custody of the department who has been convicted of a felony ... and sentenced to imprisonment for a stated number of years or months ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as 'good time.' ... The secretary shall establish regulations for awarding and recording of good time and shall determine when good time has been earned toward diminution of sentence. The amount of diminution of sentence allowed under the provisions of this Section shall be at the rate of thirty days for every thirty days in actual custody ... including time spent in custody with good behavior prior to sentence for which defendant is given credit."

due for release on March 3, 2006. [Docs. 3, 7, and 9-1].

In his "Motion", Bridges contends that when he agreed to earn "good time" in lieu of incentive wages pursuant to La.R.S. 15:571.3(B), he was not notified that on early release from imprisonment via diminution of sentence (on "good time") he would be subject to parole and continued supervision by the Department pursuant to the requirements set forth in La. R.S. 15:571.5.[2] Thus, he contends that his conditional release is unconstitutional. Accordingly, Bridges seeks an order of this court relieving him of all conditions imposed pursuant to his early "good time" release.

In his supplemental filings, petitioner argues that his state probation expired while he was in federal custody, and that his subsequent state probation revocation was therefore illegal. He also argues that he should have been given credit on his state sentence for time served in federal custody from the date the warrant charging him with violations of the conditions of his state probation was issued against him.

## LAW AND ANALYSIS

Because petitioner seeks release from state custody, the instant "Motion" is properly construed as a petition for *habeas corpus* relief. *Dickerson v. Louisiana*, 816

---

[2]La. R.S.15:571.5 provides in pertinent part:
    A. (1)When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole.

    (2) At least three months prior to the anticipated release due to diminution of sentence, the secretary of the department shall notify the parole board and provide such information as is necessary to allow the board to establish such conditions ... as may be reasonably necessary to facilitate supervision...

F.2d 220, 225 (5th Cir.1987); *Serio v. Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989); *Edge v. Stalder*, 2000 WL 1835320, *1 (5th Cir. 2000) citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

Federal law is clear that prisoners must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas* relief whether pursuant to 28 U.S.C. §2241 or §2254. *Dickerson*, 816 F.2d at 225; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir.1998); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Serio*, 821 F.2d at 1117. The exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). In Louisiana, the highest court is the Louisiana Supreme Court. A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205. Thus, federal courts may *sua sponte* notice a failure to exhaust state court remedies and dismiss petitions for writ of *habeas corpus* that contain unexhausted grounds for relief. *Thomas v. Collins*, 919

F.2d 333, 334 (5th Cir.1990) citing *Rose*, 455 U.S. at 510; *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986); *Resendez v. McKaskle*, 722 F.2d 227 (5th Cir. 1984); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998) citing *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 2554, 115 L. Ed.2d 640 (1991); *Sterling v. Scott,* 57 F.3d 451, 454 (5th Cir.1995); *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997).

In his original pleading, petitioner challenges his conditional release from state custody via the Louisiana "good time" statutes. More specifically, petitioner asserts that when he agreed to earn "good time" in lieu of incentive wages pursuant to La.R.S. 15:571.3(B), he was not notified that on early release from imprisonment via diminution of sentence (on "good time") he would be subject to parole and continued supervision by the Department pursuant to the requirements set forth in La. R.S. 15:571.5. Accordingly, he seeks an order of this court relieving him of all conditions imposed pursuant to his early "good time" release.

By order dated September 28, 2005, the undersigned noted that it did not appear that Bridges had fully exhausted state court remedies with respect to the claims presented herein because the published jurisprudence of the State of Louisiana revealed only one Louisiana Supreme Court decision with respect to Bridges, and that decision pre-dated Bridges' March 24, 2005 release date from state incarceration. See *State ex rel. Jerome Floyd Bridges v. State of Louisiana*, 2004-0710 (La. 2/4/2005), 893 So.2d 95. Nevertheless, petitioner was granted an opportunity to demonstrate exhaustion of state remedies on these claims.

In response, petitioner submitted exhibits which are described above. [Docs. 7 and 9]. Clearly, the evidence submitted by the petitioner establishes beyond any doubt that he has not fully exhausted the claims he brings in this petition for federal *habeas corpus* relief. The writs previously litigated by petitioner in the First Circuit Court of Appeals and the Louisiana Supreme Court complained of the refusal of the Louisiana courts to give petitioner credit against his Louisiana sentence for time served in a federal penitentiary. At least with respect to his claims filed in the Louisiana Supreme Court, petitioner also complained that his Louisiana probation revocation was illegal because his probation had expired prior to the date that the revocation proceeding was convened. Petitioner did not raise any issue as to the constitutionality of Louisiana's "good time" law or the manner in which that law was applied by the Louisiana Department of Public Safety and Corrections to him. Accordingly, petitioner's present claims for relief remain unexhausted. Therefore, the instant petition should be dismissed without prejudice for that reason.

Even if Bridges claims had been properly exhausted, they are nevertheless without merit. Louisiana state and federal courts have consistently rejected claims similar to those raised herein by Bridges. See *Bancroft v. Louisiana Department of Corrections*, 635 So.2d 738 (La .App. 1st Cir.1994); *Ferrington v. Louisiana Board of Parole,* 886 So.2d 455, 459 (La. App. 1st Cir. 2004) citing *Frederick v. Ieyoub,* 762 So.2d 144 (La. App. 1st Cir. 2000), writ denied, 789 So.2d 581 (La. 2001), *State v. Duncan,* 738 So.2d 706, 709-

710 (La. App. 1st Cir. 1999) and *Tauzier v. Cain*, 696 So.2d 650 (La. App. 1st Cir. 1997); *Malava v. State of Louisiana, Dept. of Public Safety*, 2001 WL 630472, *5 (E.D.La. 2001); *Howard v. Stalder*, 2005 WL 1330299, *4-5 (W.D.La. 2005); *Brown v. Lynn*, 1990 WL 111083, 4 (E.D.La.1990). See also *Edge v. Stalder*, 01-2327 (W.D.La. 2001), aff'd, No. 03-30498 (5th Cir. 2003), cert. denied, No. 03-9441 (2004). Thus, Bridges' claims are meritless.

To the extent that petitioner argues in his most recent pleadings that he was denied due process because his state probation violation warrant was not immediately executed upon issuance, that claim is without merit.[3] The United States Supreme Court has held that a parolee is not constitutionally entitled to a revocation hearing immediately upon the issuance of the violation warrant even when the warrant has remained outstanding for more than ten years, because the right to a revocation hearing does not accrue until the warrant has been executed and the parolee taken into custody. *Moody v. Daggett*, 429 U.S. 78, 87-89 (1976). Moreover, any delay in executing the probation violation warrant did not violate Bridge's due process rights. Delay contravenes due process only if the delay resulted in actual prejudice, that is, the delay undermines a probationer's ability to contest the issue of the violation or to proffer mitigating evidence. *Williams*, 558 F.2d at

---

[3]Petitioner cannot claim a violation of his right to speedy trial because the Fifth Circuit Court of Appeals has held that the right to a speedy trial is not applicable to probation and parole revocation hearings, because they are not stages of a criminal prosecution. *United States v. Williams*, 558 F.2d 224, 226 (5th Cir.1977) quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Thus, the execution of a warrant for violation of probation or parole is not subject to the Sixth Amendment's speedy trial requirement. See *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir. 1994), *citing, Moody v. Daggett*, 429 U.S. 78 (1976).

226-28; *Tippens,* 39 F.3d at 89; *United States v. Fisher,* 895 F.2d 208, 211-212 (5th Cir. 1990); *United States v. Jackson,* 590 F.2d 121, 122-123 (5th Cir. 1979). Bridges has completely failed to meet this standard. He has not demonstrated that he has been prejudiced by the delay in execution of the warrant, is therefore not entitled to *habeas corpus* relief. The delay clearly did not impair Bridges ability to challenge the issue of the violation or to proffer mitigating evidence. To the contrary, the record reveals that there was positive and unimpeachable proof of a violation of petitioner's probation, petitioner's federal bank robbery conviction, during the probationary period, a fact that petitioner readily admitted.[4] Thus, there was nothing for petitioner to contest. Moreover, the record reveals that petitioner was granted the opportunity to present mitigating evidence at both the revocation hearing and by motion filed thereafter. Finally, the delay could have been beneficial to petitioner. Revocation is not mandated when there has been a felony conviction for conduct occurring during the term of probation. *State v. Duncan,* 396 So.2d 297, 300 (La. 1981) citing L.C.Cr.P. arts. 900 and 901. Rather, Louisiana trial courts must exercise discretion, even when proof of a violation has been established. *Id.* Therefore, Bridge's good behavior during his federal incarceration could have favorably impressed the trial judge regarding his decision to reinstate or to revoke petitioner's probation. See *Duncan,* 396 So.2d at 300; *Moody,* 429 U.S. at 89.

---

[4]Under L.C.Cr.P. art.901, Bridges probation could be revoked upon proof of conviction of a federal felony offense committed during the probationary period. Thus, the State needed only to establish the federal conviction as the basis for revocation. See *State v. Duncan,* 396 So.2d 297, 300 (La. 1981) citing *State v. O'Conner,* 312 So.2d 645 (La. 1975).

11

To the extent that Bridges complaint regarding the denial of his request for credit for time served in federal custody may be construed as an argument that he was prejudiced by delayed execution of the warrant on grounds that he could have been ordered to serve his federal and state sentences concurrently, that claim is without merit.[5] Both the Fifth Circuit and the Supreme Court have rejected virtually the same argument. See *Fisher*, 895 F.3d at 211; *Moody*, 429 U.S. at 87. Additionally, as noted above, under Louisiana law, even after petitioner completed his term of federal incarceration, the state trial court had discretion to determine if petitioner's probation should be revoked or reinstated. *Duncan*, 396 So.2d at 300; L.C.Cr.P. art 900. Moreover, on revocation, although Louisiana law authorized the court to order the sentence to run either concurrently or consecutively to any other sentence, that determination was discretionary with the court. *State ex rel Brently v. Dees*, 388 So.2d 386, 388 (La. 1980) citing L.C.Cr.P. art. 901. Thus, petitioner was not entitled to a concurrent sentence, nor was there any constitutional barrier to the denial of a concurrent sentence. *Duncan*, 396 So.2d at 300. Finally, it appears that the trial court had the power to grant, retroactively, the equivalent of concurrent sentences by reflecting in the minutes "the date from which the sentences are to run concurrently." L.C.Cr.P. art. 901(C)(2). Accordingly, deferral of the revocation decision did not deprive petitioner of any right to which he may have otherwise been entitled.

---

[5]Petitioner's claim is clearly without merit under Louisiana state law. The Louisiana Supreme Court has expressly held that probationers are not entitled to credit for time served while in the custody of federal authorities while serving a federal sentence. *Duncan*, 396 So.2d at 300. Rather, such credit is authorized only when the probationer's incarceration results <u>solely</u> from a Louisiana detainer. *Id*. citing *Jennings v. Hunt*, 272 So.2d 333, 334 (La. 1973) (emphasis added).

12

Bridges argues that the probation revocation proceeding, resulting in the revocation of his probation, was unlawful in that the proceeding occurred after Bridges discharged his sentence. To the extent the claim may be construed as a double jeopardy claim, that claim is without merit.[6] Louisiana Code of Criminal Procedure article 899(D) provides in pertinent part that the issuance of a parole revocation warrant stops the running of the probationary period.[7] *State v. Newman,* 527 So.2d 1036, 1038 (La. App. 2d Cir. 1988); *State v. Lavergne,* 716 So.2d 92, 96 (La. App. 3rd Cir. 1998). See also *Morrison v. Johnson,* 106 F.3d 127, 129-130 (5th Cir.1997). Petitioner was placed on five years supervised probation on September 26, 1997. Therefore, Bridges probation was to conclude on September 26, 2002, unless the period was suspended. The probation violation warrant was issued during the probationary period on June 9, 1999. Petitioner's period of probation was suspended from that date until July 9, 2003, when the warrant was executed and petitioner was transferred to state custody. See *Id.* Nine days later,

---

[6]To the extent that Bridges claims that the State of Louisiana failed to conduct the revocation hearings within probationary period prescribed by Louisiana law, such a claim is not cognizable in this federal *habeas corpus* proceeding. Federal *habeas corpus* relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Moreover, a state's interpretation of its own rules or statutes does not raise a federal constitutional issue. *Wainwright v. Goode,* 464 U.S. 78 (1983), *reh'g denied,*465 U.S. 78 (1984); *Moreno v. Estelle,* 717 F.2d 171, 179 (5th Cir.1983), *cert. denied,*466 U.S. 975 (1984). When a federal court considers whether *habeas corpus* is warranted, the decision is limited to whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (per curiam).

[7]In support of his claim, Bridges cites jurisprudence which interpreted article 899(D) prior to the 1985 amendment of that article. The former article provided that the period of probation ceased only if the warrant could not be executed. That requirement was eliminated by the 1985 amendment and the article now provides that the probation period ceases when a warrant is issued as of the time of issuance. Accordingly, the cases cited by petitioner are not applicable herein since the statute no longer conditions suspension of the probationary period on the inability of the state to execute the warrant. *Newman,* 527 So.2d at 1038.

petitioner's probation was revoked. Accordingly, petitioner's probation had not expired nor had his sentence been discharged prior to revocation. There was no double jeopardy violation. Moreover, the Fifth Circuit has held that there is no constitutional infirmity in the practice of executing a revocation warrant and completing revocation proceedings after expiration of a the maximum term, so long as the revocation warrant was issued before the term expired. *Morrison,* 106 F.3d at 130 citing *Cook v. United States Attorney General,* 488 F.2d 667, 670 (5 th Cir.), *cert. denied,* 419 U.S. 846 (1974) (noting that numerous courts facing similar challenges to the timeliness of federal parole revocation proceedings have concluded that "[w]hile a parole violator's warrant must be issued within the maximum term of the sentence[,] ··· it need not be executed during this period."). Because Bridges revocation warrant was issued long before the expiration of his sentence, he cannot allege a cognizable constitutional violation.

**IT IS RECOMMENDED** that this complaint be construed as a petition for *habeas corpus* and that it be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears from the face of the petition and exhibits that the petitioner has failed to exhaust all available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a

14

copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 26 day of January, 2006.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 1-27-06
BY: glov
TO: TLM
CMH